IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIGIMEDIA TECH, LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VIACOMCBS INC. and<br>SHOWTIME NETWORKS INC.,<br><br>　　　　　Defendants. | CIVIL ACTION<br><br>NO. 1:21-cv-1831<br><br>**Jury Trial Demanded** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff DigiMedia Tech, LLC ("Plaintiff") files this Complaint for Patent Infringement against Defendant, and states as follows:

## THE PARTIES

1.　Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 44 Milton Avenue, Suite 254, Alpharetta, GA 30009.

2.　Defendant VIACOMCBS INC. ("ViacomCBS") is a corporation organized under the laws of the State of Delaware.  ViacomCBS may be served with process through its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.  Upon information and belief, ViacomCBS sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

3.　Defendant SHOWTIME NETWORKS INC. ("Showtime") is a corporation organized under the laws of the State of Delaware.  Showtime may be served with process

through its registered agent, United States Corporation Company, 251 Little Falls Drive, Wilmington, Delaware 19808.  Upon information and belief, Showtime sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.     This Court has exclusive subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a) on the grounds that this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and 285.

5.     This Court has general and specific personal jurisdiction over Defendants, consistent with due process.  Defendants are registered to do business in the State of New York.  Defendants also have principal places of business in the State of New York.  Further, Defendants have minimum contacts with the State of New York, and Defendants have purposefully availed themselves of the privileges of conducting business in the State of New York, including through the sale and offer for sale of the Accused Products and Processes throughout the State of New York and this judicial district.

6.     Venue is proper in this Court as to Defendants pursuant to 28 U.S.C. § 1400(b) on the grounds that Defendants reside in this judicial district.

## FACTUAL BACKGROUND

*The '532 Patent*

7.     Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,473,532, entitled "Method and Apparatus for Visual Lossless Image

Syntactic Encoding" ("the '532 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

8. A true and correct copy of the '532 patent is attached hereto as Exhibit A. The '532 patent is incorporated herein by reference.

9. The application that became the '532 patent was filed on March 14, 2000.

10. The '532 patent issued on October 29, 2002, after a full and fair examination by the USPTO.

11. The '532 patent is valid and enforceable and directed to eligible subject matter.

12. The elements recited in the asserted claims of the '532 patent were not well-understood, routine, or conventional when the application that became the '532 patent was filed.

13. The claims of the '532 patent are directed to technical solutions to the technical problem of providing a visually lossless video compression method and apparatus. One of the reasons this is important is for storing video in a compressed format, where the compression does not reduce the quality of the video in a visually detectable manner. Since recording video programs onto Blu-ray disks must balance the competing features of both high quality video and limited or practical video file sizes, the problem calls for technical solutions. The '532 patent discloses and claims such technical solutions. For example, the '532 patent recognized that video encoding can compress the source video input in a manner that is visually lossless. The '532 patent discloses a number of techniques which include defining visual perception thresholds and classifying picture elements into subclasses using the visual perception thresholds. The picture elements can be transformed according to the subclass. Consequently, the technology in the '532 patent enables both visually lossless encoding and efficient compression of recorded video.

*The '818 Patent*

14. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 6,744,818 entitled "Method and Apparatus for Visual Perception Encoding" ("the '818 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

15. A true and correct copy of the '818 patent is attached hereto as Exhibit B. The '818 patent is incorporated herein by reference.

16. The application that became the '818 patent was filed on December 27, 2000.

17. The '818 patent issued on June 1, 2004, after a full and fair examination by the USPTO.

18. The '818 patent is valid and enforceable and directed to eligible subject matter.

19. The elements recited in the asserted claims of the '818 patent were not well-understood, routine, or conventional when the application that became the '818 patent was filed.

20. The claims of the '818 patent are directed to technical solutions to the technical problem of reducing perceptual redundancy independent of other video compression techniques. One of the reasons this is important is for storing video in a compressed format, where the compression should also support subsequent viewing of the video at high quality. Since video streaming services must balance the competing features of both high-quality video and limited or practical video file sizes, the problem calls for technical solutions. The '818 patent discloses and claims such technical solutions. For example, the '818 patent recognized that video encoding can compress the source video input with a visual perception estimator and a perception threshold. The '818 patent discloses a number of techniques which include (i) a compression dependent threshold estimator using the perception threshold and (ii) a filter for pixels using the

compression dependent threshold.  Consequently, the technology in the '818 patent enables smaller video file sizes for a specified level of video quality.

***The '399 Patent***

21. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,743,399 entitled "Network-Based Service To Provide On-Demand Video Summaries Of Television Programs" ("the '399 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

22. A true and correct copy of the '399 patent is attached hereto as Exhibit C.  The '399 patent is incorporated herein by reference.

23. The application that became the '399 patent was filed on April 14, 2004.

24. The '399 patent issued on June 22, 2010, after a full and fair examination by the USPTO.

25. The '399 patent is valid and enforceable and directed to eligible subject matter.

26. The elements recited in the asserted claims of the '399 patent were not well-understood, routine, or conventional when the application that became the '399 patent was filed.

27. The claims for the '399 patent are directed to technical solutions to the technical problem of streaming video summaries and corresponding programs to client devices.  One of the reasons this is important is to support subscribers selecting and viewing desired summaries and programs from many options.  Since streaming services can include a large library of video programs for subscribers, the problem calls for technical solutions supporting efficient navigation through the video library.  The '399 patent discloses and claims such technical solutions.  For example, the '399 patent discloses (i) generating metadata files for delimiting summary segments and program segments, (ii) streaming requested summaries in a first channel,

and (iii) streaming corresponding requested programs in a second channel. Consequently, the technology in the '399 patent enables video streaming services to deliver desired programs to subscribers.

***The '049 Patent***

28. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,087,049 entitled "Network-Based Service To Provide On-Demand Video Summaries Of Television Programs" ("the '049 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

29. A true and correct copy of the '049 patent is attached hereto as Exhibit D. The '049 patent is incorporated herein by reference.

30. The application that became the '049 patent was filed on June 4, 2010.

31. The '049 patent issued on December 27, 2011, after a full and fair examination by the USPTO.

32. The '049 patent is valid and enforceable and directed to eligible subject matter.

33. The elements recited in the asserted claims of the '049 patent were not well-understood, routine, or conventional when the application that became the '049 patent was filed.

34. The claims for the '049 patent are directed to technical solutions to the technical problem of streaming video summaries and corresponding programs to client devices. One of the reasons this is important is to support subscribers selecting and viewing desired summaries and programs from many options. Since streaming services can include a large library of video programs for subscribers, the problem calls for technical solutions supporting efficient navigation through the video library. The '049 patent discloses and claims such technical solutions. For example, the '049 patent discloses (i) generating indexing information for

facilitating links between summaries and the corresponding programs, (ii) streaming requested summaries in a first channel, and (iii) streaming corresponding requested programs in a second channel. Consequently, the technology in the '049 patent enables video streaming services to deliver desired programs to subscribers.

### The '328 Patent

35. Plaintiff is the owner by assignment of all right, title, and interest in and to United States Patent No. 9,055,328 entitled "Network-Based Service To Provide On-Demand Video Summaries Of Television Programs" ("the '328 patent"), including the right to sue for all past, present, and future infringement, which assignment was duly recorded in the USPTO.

36. A true and correct copy of the '328 patent is attached hereto as Exhibit E. The '328 patent is incorporated herein by reference.

37. The application that became the '328 patent was filed on November 23, 2011.

38. The '328 patent issued on June 9, 2015, after a full and fair examination by the USPTO.

39. The '328 patent is valid and enforceable and directed to eligible subject matter.

40. The elements recited in the asserted claims of the '328 patent were not well-understood, routine, or conventional when the application that became the '328 patent was filed.

41. The claims for the '328 patent are directed to technical solutions to the technical problem of streaming video summaries and related programs to client devices. One of the reasons this is important is to support subscribers selecting and viewing desired programs from many options. Since streaming services can include a large library of video programs for subscribers, the problem calls for technical solutions supporting efficient navigation through the video library. The '328 patent discloses and claims such technical solutions. For example, the

'328 patent discloses (i) information for the display of links to navigate between a summary segment and a corresponding first program, (ii) a user profile that includes both the first program and a second program, and (iii) after the first program, selecting and displaying the second program from the user profile. Consequently, the technology in the '328 patent enables video streaming services to deliver desired programs to users

## COUNT I – INFRINGEMENT OF THE '532 PATENT

42. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

43. Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '532 patent.

44. For example, Defendants infringe at least claim 6 of the '532 patent, either literally or under the doctrine of equivalents, in connection with Defendants' AVC Video Encoding, as detailed in the preliminary claim charts attached hereto as Exhibit F and incorporated herein by reference.

45. Defendants' infringing activities are and have been without authority or license under the '532 patent.

46. Plaintiff has been damaged by Defendants' infringement of the '532 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '818 PATENT

47. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

48. Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '818 patent.

49. For example, Defendants infringe at least claim 1 of the '818 patent, either literally or under the doctrine of equivalents, in connection with Defendants' AVC Video Encoding, as detailed in the preliminary claim charts attached hereto as Exhibit G and incorporated herein by reference.

50. Defendants' infringing activities are and have been without authority or license under the '818 patent.

51. Plaintiff has been, and continues to be, damaged by Defendants' infringement of the '818 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

**COUNT III – INFRINGEMENT OF THE '399 PATENT**

52. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

53. Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '399 patent.

54. For example, Defendants infringe at least claim 1 of the '399 patent, either literally or under the doctrine of equivalents, in connection with Defendants' Streaming Video Platform, as detailed in the preliminary claim charts attached hereto as Exhibit H and incorporated herein by reference.

55. Defendants' infringing activities are and have been without authority or license under the '399 patent.

56. Plaintiff has been damaged by Defendants' infringement of the '399 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

### COUNT IV – INFRINGEMENT OF THE '049 PATENT

57. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

58. Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '049 patent.

59. For example, Defendants infringe at least claim 1 of the '049 patent, either literally or under the doctrine of equivalents, in connection with Defendants' Streaming Video Platform, as detailed in the preliminary claim charts attached hereto as Exhibit I and incorporated herein by reference.

60. Defendants infringing activities are and have been without authority or license under the '049 patent.

61. Plaintiff has been damaged by Defendants' infringement of the '049 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

### COUNT V – INFRINGEMENT OF THE '328 PATENT

62. Plaintiff realleges and incorporates by reference the allegations set forth above, as if set forth verbatim herein.

63. Defendants have been and are now making, using, selling, offering for sale, and/or importing products that incorporate one or more of the inventions claimed in the '328 patent.

64. For example, Defendants infringe at least claim 1 of the '328 patent, either literally or under the doctrine of equivalents, in connection with Defendants' Streaming Video Platform, as detailed in the preliminary claim charts attached hereto as Exhibit J and incorporated herein by reference.

65. Defendants infringing activities are and have been without authority or license under the '328 patent.

66. Plaintiff has been damaged by Defendants' infringement of the '328 patent, and Plaintiff is entitled to recover damages for Defendants' infringement, which damages cannot be less than a reasonable royalty.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A. Entry of judgment that Defendants have infringed one or more claims of the '532 patent,

B. Entry of judgment that Defendants have infringed one or more claims of the '818 patent,

C. Entry of judgment that Defendants have infringed one or more claims of the '399 patent,

D. Entry of judgment that Defendants have infringed one or more claims of the '049 patent,

E. Entry of judgment that Defendants have infringed one or more claims of the '328 patent,

F. Damages in an amount to be determined at trial for Defendants' infringement, which amount cannot be less than a reasonable royalty,

G. Pre-judgment and post-judgment interest on the damages assessed, and

H. Such other and further relief, both at law and in equity, to which Plaintiff may be entitled and which the Court deems just and proper.

This 2nd day of March, 2021.

/s/*Daniel A. Kent*
Daniel A. Kent
   dankent@kentrisley.com
   Tel: (404) 585-4214
   Fax: (404) 829-2412
Stephen R. Risley
   steverisley@kentrisley.com
   Tel: (404) 585-2101
   Fax: (404) 389-9402
Cortney S. Alexander
   cortneyalexander@kentrisley.com
   Tel: (404) 855-3867
   Fax: (770) 462-3299
KENT & RISLEY LLC
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022

Attorneys for Plaintiff
DigiMedia Tech, LLC