UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DIGIMEDIA TECH, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:21-cv-01831-JGK |
| v. | ) | |
| | ) | **ORAL ARGUMENT REQUESTED** |
| VIACOMCBS, INC., AND | ) | |
| SHOWTIME NETWORKS, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>

# TABLE OF CONTENTS

Table of Authorities ............................................................................................... ii

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ................................. 1

II.     THE PREVIEW PATENTS ............................................................................ 2

III.    RELEVANT LEGAL STANDARDS ............................................................. 8

        A.      Motion to Dismiss for Failure to State a Claim ................................. 8

        B.      Patent Eligibility Under 35 U.S.C. § 101 Is Properly Decided On A
                Motion To Dismiss ............................................................................. 9

        C.      Patent Eligible Subject Matter Under 35 U.S.C. § 101 ..................... 10

IV.     ARGUMENT ................................................................................................ 12

        A.      The Asserted Claims of the Preview Patents Are Directed to the Abstract
                Idea of Providing Preview Summaries Over A Network ...................... 12

        B.      The Asserted Claims of the Preview Patents Do Not Contain an Inventive
                Concept .............................................................................................. 15

        C.      The Complaint Fails to Allege Any Claim Against ViacomCBS .......... 19

V.      CONCLUSION ............................................................................................ 21

## TABLE OF AUTHORITIES

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   890 F.3d 1354 (Fed. Cir. 2018) ........................................................................ 10

*Affinity Labs of Tex., LLC v.Amazon.com Inc.*,
   838 F.3d 1266 (Fed. Cir. 2016) ........................................................................ 16

*Alice Corp. Pty. Ltd v. CLS Bank International*,
   573 U.S. 208 (2014)............................................................................... passim

*Am. Needle, Inc. v. Zazzle Inc.*,
   No. 15-CV-3971, 2016 WL 232440 (N.D. Ill. Jan. 19, 2016), *aff'd*, 670 F. App'x 717 (Fed.
   Cir. 2016) ........................................................................................................ 13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)......................................................................... 8, 9, 19

*Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)......................................................................... 8, 9, 19

*Automated Tracking Sols., LLC v. The Coca-Cola Co.*,
   723 Fed. Appx. 989 (Fed. Cir. 2018)................................................................ 11

*Automated Transaction LLC v. New York Cmty. Bank*,
   No. 12-CV-3070 JS ARL, 2013 WL 992423 (E.D.N.Y. Mar. 13, 2013) ..................... 9, 19, 20

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018), *cert denied*, 140 S. Ct. 911 (2020)................................... 9, 10

*Berkheimer v. HP Inc.*,
   890 F.3d 1369 (Fed. Cir. 2018) ........................................................................ 17

*Bilski v. Kappos*,
   561 U.S. 593 (2010)............................................................................... 5

*Cf. Aatrix Software, Inc. v. Green Shades Software, Inc.*,
   882 F.3d 1121 (Fed. Cir. 2018) ........................................................................ 18

*Cleveland Clinic Found. v. True Health Diagnostics LLC*,
   859 F.3d 1352 (Fed. Cir. 2017) ........................................................................ 11

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014) ........................................................................ 11

*Customedia Techs., LLC v. Dish Network Corp.*,
 951 F.3d 1359 (Fed. Cir. 2020) ................................................................ 13, 15, 18

*cxLoyalty, Inc. v. Maritz Holdings Inc.*,
 986 F.3d 1367 (Fed. Cir. 2021) ................................................................ 16

*Elec. Power Grp., LLC v. Alstom S.A.*,
 830 F.3d 1350 (Fed. Cir. 2016) ................................................................ 12, 19

*Gabara v. Facebook, Inc.*,
 1:19-cv-09890-DLC, Dkt. 57 (S.D.N.Y. Sept. 04, 2020)........................... 10

*Gercia v. The Bank of New York Mellon Corp.*,
 1:19-cv-02810-VEC, Dkt. 46 (S.D.N.Y. Apr. 24, 2020)........................... 10

*Holmes v. Allstate Corp.*,
 No. 11–CV–1543, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012), *report and recommendation
 adopted*, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012)................................ 9

*Intellectual Ventures I LLC v. Cap. One Bank (USA)*,
 792 F.3d 1363 (Fed. Cir. 2015) ................................................................ 15

*Intellectual Ventures I LLC v. Cap. One Fin. Corp.*,
 850 F.3d 1332 (Fed. Cir. 2017) ................................................................ 14

*Intellectual Ventures I LLC v. Erie Indem. Co.*,
 711 Fed. App'x 1012 (Fed. Cir. 2017) ...................................................... 13

*Intellectual Ventures I LLC v. Symantec Corp.*,
 838 F.3d 1307 (Fed. Cir. 2016) ................................................................ 17

*Interval Licensing LLC v. AOL, Inc.*,
 896 F.3d 1335 (Fed. Cir. 2018) ................................................................ 9, 16

*Island Intellectual Prop. LLC v. Stonecastle Cash Mgmt. LLC*,
 1:19-cv-04792-JPO, Dkt. 58 (S.D.N.Y. May 29, 2020)........................... 10

*Martin v. City of New York*,
 No. 07 CIV. 7384 (DC), 2008 WL 1826483 (S.D.N.Y. Apr. 23, 2008) ..... 9

*Masimo Corp. v. Sotera Wireless, Inc.*,
 Case No. 19-cv-01100-BAS-NLS, Dkt. 103 (S.D. Cal. Dec. 10, 2020)..... 21

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
 566 U.S. 66 (2012)..................................................................................... 11

*Mod. Font Applications, LLC v. Peak Rest. Partners, LLC*,
 No. 2:19-CV-221 TS, 2019 WL 3781051 (D. Utah Aug. 12, 2019) .......... 20

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    No. CV 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018)........................................ 20

*SAP Am., Inc. v. InvestPic, LLC*,
    898 F.3d 1161 (Fed. Cir. 2018) ..................................................................................... 10

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
    873 F.3d 905 (Fed. Cir. 2017) ....................................................................................... 17

*Simio, LLC v. FlexSim Software Prod., Inc.*,
    983 F.3d 1353 (Fed. Cir. 2020) ..................................................................................... 15

*Starr v. Sony BMG Music Ent.*,
    592 F.3d 314 (2d Cir. 2010) ............................................................................................ 8

*T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*,
    No. CV 16-581-RGA-MPT, 2017 WL 896988 (D. Del. Mar. 7, 2017) ................................ 20

*TS Pats. LLC v. Yahoo! Inc.*,
    279 F. Supp. 3d 968 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 978 (Fed. Cir. 2018) ................... 13

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
    957 F.3d 1303 (Fed. Cir. 2020) ..................................................................................... 12

*Univ. of Fla. Res. Found., Inc. v. Gen. Elec. Co.*,
    916 F.3d 1363 (Fed. Cir. 2019) ..................................................................................... 16

*VeriPath, Inc. v. Didomi*,
    1:19-cv-01702-GBD, Dkt. 36 (S.D.N.Y. Mar. 30, 2020)........................................ 10

*Visual Memory LLC v. NVIDIA Corp.*,
    867 F.3d 1253 (Fed. Cir. 2017) ..................................................................................... 12

*Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*,
    933 F.2d 131 (2d Cir.1991) ........................................................................................... 20

**Statutes**

35 U.S.C. § 101............................................................................................................. passim

Fed. R. Civ. P. 12........................................................................................................ 8, 10

Fed. R. Civ. P. 8 ............................................................................................................... 9

Defendants ViacomCBS Inc. ("ViacomCBS") and Showtime Networks Inc. ("Showtime") (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss counts III, IV, and V of Plaintiff DigiMedia Tech, LLC's ("Plaintiff") complaint and in support of ViacomCBS's motion to dismiss all asserted claims.

## I.     <u>INTRODUCTION AND SUMMARY OF ARGUMENT</u>

Showtime is a leading producer of premium entertainment content and provides a popular video streaming platform at Showtime.com.

Plaintiff, which does not offer any product or services of its own, asserts that Defendants infringe five patents that Plaintiff acquired from Intellectual Ventures Assets 145 LLC in November 2019. Dkt. 1 at ¶¶ 42-66.  In counts III-V of the complaint, Plaintiff asserts that Showtime's video streaming platform infringed at least claim 1 of U.S. Patent No. 7,743,399 (the "'399 patent"), U.S. Patent No. 8,087,049 (the "'049 patent"), and U.S. Patent No. 9,055,328 (the "'328 patent") (collectively, the "Preview Patents"), all of which expired in 2020.[1]  Those asserted claims of the Preview Patents are directed to methods of providing previews of video or audio programming.  The idea of providing previews of video or audio programming is an age-old marketing strategy—nearly as old as radio and cinema themselves.  As explained in more detail below, because the asserted claims do no more than use known technology for streaming video to implement that well-known abstract idea of providing previews containing an excerpt of the longer video or audio, they are not directed to patentable subject matter pursuant to 35 U.S.C. § 101.

---

[1] The complaint (Dkt. 1) and the '399, '049, and '328 patents are attached as Exhibits A-D, respectively, to the Declaration of D. Lawson Allen ("Allen Decl.") filed herewith.

As the specification itself demonstrates, the asserted claims merely utilize the functionality of existing technology together with industry standards and well-known components to accomplish the claimed methods of providing preview summaries.  Simply implementing such an abstract process on a computer does not make it patent-eligible.  Nor do the asserted claims recite any non-conventional hardware or software to implement the purported inventions.  As explained in more detail below, the claims merely describe a desired result accomplished through purely functional language.  The Federal Circuit has made clear that such claims are ineligible for patenting under 35 U.S.C. § 101.  Accordingly, the Court should grant Defendants' motion and dismiss counts III-V of the complaint.

Plaintiff also fails to state any plausible claim of patent infringement against ViacomCBS. Counts I-II of the complaint assert that Showtime's AVC video encoding infringes at least claim 6 of U.S. Patent No. 6,473,532 (the "'532 patent"), which expired in 2020, and at least claim 1 of U.S. Patent No. 6,744,818 (the "'818 patent").   Counts III-V of the complaint assert that Showtime's video streaming platform infringed at least claim 1 of each of the Preview Patents. The complaint does not allege that any product or service made, used, offered for sale, or sold by ViacomCBS infringes any of the asserted patents.   Accordingly, the Court should grant ViacomCBS's motion to dismiss the complaint against it in its entirety.

## II.    **THE PREVIEW PATENTS**

The Preview Patents, all of which are entitled "Network-based service to provide on-demand video summaries of television programs," are in the same patent family and share the same specification.   The specification and claims of the Preview Patents are directed to essentially the same invention: providing preview summaries of television or audio programming

over a network. *See* '399 patent, abstract; '049 patent, abstract; '328 patent, abstract.[2]  The '399 and '049 patents expired on May 24, 2020, and the '328 patent expired on October 4, 2020.

In the "Background of the Invention" section, the specification describes generally available recording apparatuses and "more sophisticated systems (Digital Video Recorders) which automatically record programming (via a digital cache/memory) and allow the user to selectively view portions of the recorded programming at a later time." '399 patent at 1:20-31. This section also identifies alleged shortcomings of these prior art recording apparatuses, mainly that "[t]hese record/playback systems are [] limited by failing to fully utilize network system capabilities." *Id.* at 1:41-42.  The specification goes on to admit the existence of preview summaries for these record/playback systems, but states that the "[s]ummaries ... may be poorly defined or delimited resulting in loss of program material available to the user/viewer. Options available to the user are limited to manipulation of programming as received rather than using network and program provider resources to provide a broad spectrum of control." *Id.* at 1:41-48.

The specification further states that the alleged invention disclosed in the Preview Patents overcomes the cited deficiencies in the prior art record/playback systems by enabling recipients who receive network programming "to receive television/audio programming from a distribution network and view selected summaries of such programming as part of a network-based service." *Id.* at 1:52-56.  Thus, according to the specification itself, the claimed invention is taking the known idea of audio/video previews as known and used in the prior art recording apparatuses and implementing that same idea on network-based services.

---

[2] Because the specifications of the Preview Patents are substantially the same, citations to the shared specification will be made with respect to the '399 patent.

Independent claim 1 of the '399 patent, the only claim of the '399 patent identified in the complaint, recites:

> 1.  A computer-implemented method of providing summaries of programming to a recipient, the method comprising, at a network node:
>
> dividing a received program into program segments;
>
> summarizing and storing each program segment into a corresponding summary segment, wherein each summary segment includes audio, full-motion video, and at least one still picture;
>
> generating metadata files for delimiting a beginning and an end of summary segments and program segments; and
>
> upon a request from a user from a client device, supplying the summary segments in lieu of program segments, the summary segments being streamed in a first channel to the client device and the program segments being streamed in a second channel to the client device.

'399 patent at 11:14-28.

Independent claim 1 of the '049 patent, the only claim of the '049 patent identified in the complaint, recites:

> 1.  A method of generating programming summaries, the method comprising:
>
> summarizing each program segment of a plurality of program segments of a program to yield a corresponding summary segment and storing the corresponding summary segment, wherein the corresponding summary segment comprises audio, video, and at least one image;
>
> generating indexing information for facilitating links between each of the plurality of program segments and the corresponding summary segment; and
>
> in response to a user request for a requested program segment comprising a subset of the program and based on the indexing information, streaming a requested summary segment for the requested program segment in a first channel to a client device of the user and streaming the requested program segment in a second channel to the client device.

'049 patent at 11:23-39.

Both of the asserted claims of the '399 and '049 patents relate to providing summaries of

programming as part of a network-based service. Each of the asserted claims has the following common elements: (1) providing for multiple program segments; (2) summarizing and storing program segments into a corresponding summary segment; including audio, video, and at least one image in each summary segment; and (3) streaming to a client device the summary segments in a first channel and the program segment in a second channel. The main difference between the two claims is that claim 1 of the '399 patent provides for generating information (metadata files) noting the beginning and ends of a segment, while claim 1 of the '049 patent provides for generating a different set of information (indexing information) for linking a program segment and its corresponding summary segment. That is, the only difference is noting when segments start and finish versus noting which summary segments correspond to which program segments.

Notably, during prosecution of the '399 patent, the United States Patent and Trademark Office rejected the claims under § 101 because "the steps of 'dividing', 'summarizing', 'generating' and 'streaming' [] yield no physical transformation that would lead to a useful, concrete and tangible result with respect to a practical/real world application." Allen Decl., Ex. E at 2 (Office Action Dated December 15, 2008, p. 2). At the time, and well before the Supreme Court's decisions concerning the application of § 101 to computer-implemented inventions in *Bilski v. Kappos*, 561 U.S. 593 (2010) and *Alice Corp. Pty. Ltd v. CLS Bank International*, 573 U.S. 208 (2014), the Applicant overcame the rejection by merely adding "computer-implemented" to the claims. *See* Allen Decl., Ex. F at 2-7, 10 (Response After Final Action dated March 23, 2009).

Independent claim 1 of the '328 patent, the only claim of the '328 patent identified in the complaint, recites:

1. A method, comprising:

transmitting to a client device, by a computer-based device, information that facilitates a display of a link, wherein the link is selectable by a user to navigate between a summary segment of a first program and the first program, wherein the summary segment includes a summary of a particular portion of the first program, and wherein the summary segment comprises at least one of the following: a video, an audio, or an image;

in response to detecting a selection of the link by the user, the computer-based device transmitting to the client device at least a portion of the first program;

subsequent to transmitting at least the portion of the first program to the client device, the computer-based device selecting, based on a user profile that includes the first program, a second program; and

the computer-based device causing a display of at least a portion of the second program on the client device.

'328 patent at 11:19-36.

The asserted claim of the '328 patent is also directed to providing summaries of programming as part of a network-based service. However, the '328 patent provides for a slight variation on providing summaries, by navigating between summary segments and a program segments by links and automatically displaying additional programs based on the user's profile after the user finishes a first program segment.

The Preview Patents utilize a widely adopted industry standard for streaming video content over networks to realize the features of the asserted claims. The specification provides that "[t]he process of transmitting and generating summaries is based in part upon properties specified in the **MPEG-2 (Moving Picture Experts Group) standards**," which "is a **standard** concerning signal encoding and real time transmission of video and audio program streams." '399 patent at 2:23-27 (emphasis added). This standard permits transmission of information over a network using packet headers that "include many features such as time stamps, typing of payloads and combining/multiplexing" and "information-carrying capability of a video stream." *Id.* at 2:29-33. "The MPEG-2 standards enable user data, in the form of metadata, to be included

in a video sequence," and "further allows an elementary data stream to be included within a program stream ... to provide indexing used to implement video linking and interrupted viewing features." *Id.* at 2:57-63; *see also id.* at 7:5-12 ("MPEG-2 is a standard concerned with video and audio coding and processing other multimedia signals (e.g., packet streams). ... MPEG processing, decoding of digital signals and design of a MPEG-2 system decoder is discussed in 'Digital Video: An Introduction to MPEG-2' by B. G. Haskell et al 1997. This discussion of this book is incorporated herein by reference.").

The specification describes the "relationship between program and summary segments" as being "established and controlled through use of a metadata file or files." *Id.* at 4:46-48. The specification describes a number of uses for the metadata. For example, the specification states that the metadata is used to (i) "identify program and summary segments;" (ii) establish the "[s]tart and end positions for each summary segment" and the "start and stop positions for each program segment;" (iii) establish the "links for use in changing from a program to a summary or vice versa;" and (iv) "switch[] from a program segment to a corresponding summary segment with an automatic return to the next program segment." *See id.* at 4:46-65. That is, all of functions in the asserted claims are "established and controlled through use of a metadata file or files." *Id.* at 4:46-48.

With respect to the metadata, the specification states "metadata may be expressed in XML (eXtensible Markup Language) or a suitable equivalent. ***XML is well known and need not be discussed in detail***." *Id.* at 4:65-5:1 (emphasis added). The specification further specifies that "[t]he metadata file is generated by the content provider. It permits the system to select the desired summary information if available. Transmission of the signal in accord with the MPEG-2 standard allows the interaction with the programming file by means of this metadata file." *Id.* at

5:25-30. "[T]he metadata in accord with MPEG-2 standards is transmitted as part of an elementary data stream associated with the program." *Id.* at 11:5-7. Additionally, "[s]oftware can use these [metadata] keywords to identify segments that are most likely to be of interest to a particular viewer" (*id.* at 5:47-49), and the specification states that a "[Video Summary Server (VSS)] 1203 has capabilities and processes similar to that of [a set top box (STB)] and can autonomously decide which summaries to receive and store based on a user profile and past usage history stored in the VSS." *Id.* at 7:51-54.

In short, the Preview Patents utilize an industry standard with well-known components (*e.g.*, metadata) generated by the content provider and existing technology to implement the claimed methods of providing preview summaries. None of the asserted claims in the Preview Patents claims any new hardware, software, or other computer technology for performing the claimed functions. Nor are there any limitations in the claims as to any specific technological implementation or improvement in providing preview summaries of network programming. Rather, each claim recites only generalized methods for providing preview summaries over a network using existing technology.

## III.     **RELEVANT LEGAL STANDARDS**

### A. **Motion to Dismiss for Failure to State a Claim**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Starr v. Sony BMG Music Ent.*, 592 F.3d 314, 321 (2d Cir. 2010). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). While factual allegations are taken as true on a motion to dismiss, this assumption "is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (quotation marks and citation omitted). It is well established in this Circuit that plaintiffs cannot simply 'lump' defendants together for pleading purposes. *See Automated Transaction LLC v. New York Cmty. Bank*, No. 12-CV-3070 JS ARL, 2013 WL 992423, at *4 (E.D.N.Y. Mar. 13, 2013) ("Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it.") (quoting *Holmes v. Allstate Corp.*, No. 11–CV–1543, 2012 WL 627238, at *22 (S.D.N.Y. Jan. 27, 2012), *report and recommendation adopted*, 2012 WL 626262 (S.D.N.Y. Feb. 27, 2012)); *Martin v. City of New York*, No. 07 CIV. 7384 (DC), 2008 WL 1826483, at *1 (S.D.N.Y. Apr. 23, 2008) ("Rule 8(a) also requires that a complaint against multiple defendants indicate clearly the defendants against whom relief is sought and the basis upon which the relief is sought against the particular defendants.") (citations and quotations omitted).

## B. Patent Eligibility Under 35 U.S.C. § 101 Is Properly Decided On A Motion To Dismiss

Patent eligibility under 35 U.S.C. § 101 is a question of law that may contain underlying issues of fact. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1342 (Fed. Cir. 2018) (citing *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1365 (Fed. Cir. 2018), *cert denied*, 140 S. Ct. 911 (2020)). However, the Federal Circuit has affirmed that subject matter eligibility under § 101 is

a question of law suitable for resolution at the pleadings stage. *See, e.g., Aatrix Software, Inc. v. Green Shades Software, Inc.*, 890 F.3d 1354, 1358 (Fed. Cir. 2018) (denying rehearing and stating "'[n]othing in this decision should be viewed as casting doubt on the propriety' of our previous cases resolving patent eligibility on motions to dismiss or summary judgment. [*Berkheimer*,] 881 F.3d at 1368. Indeed, since *Berkheimer* and *Aatrix*, we have continued to uphold decisions concluding that claims were not patent eligible at these stages.) (collecting cases); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1166 (Fed. Cir. 2018) ("Like other legal questions based on underlying facts, this question may be, and frequently has been, resolved on a Rule 12(b)(6) or (c) motion where the undisputed facts, considered under the standards required by that Rule, require a holding of ineligibility under the substantive standards of law.").  Indeed, courts in this district have recently invalidated numerous patents under § 101 pursuant to Rule 12(b)(6). *See, e.g., VeriPath, Inc. v. Didomi*, 1:19-cv-01702-GBD, Dkt. 36 (S.D.N.Y. Mar. 30, 2020); *Gercia v. The Bank of New York Mellon Corp.*, 1:19-cv-02810-VEC, Dkt. 46 (S.D.N.Y. Apr. 24, 2020); *Island Intellectual Prop. LLC v. Stonecastle Cash Mgmt. LLC*, 1:19-cv-04792-JPO, Dkt. 58 (S.D.N.Y. May 29, 2020); *Gabara v. Facebook, Inc.*, 1:19-cv-09890-DLC, Dkt. 57 (S.D.N.Y. Sept. 04, 2020).

### C.  Patent Eligible Subject Matter Under 35 U.S.C. § 101

Section 101 allows inventors to obtain patents on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101.  However, "this provision contains an important implicit exception:" an inventor may not patent laws of nature, natural phenomena, or abstract ideas. *Alice*, 573 U.S. at 216 (citations omitted).  To assess whether a patent violates this exception to the terms of § 101, the Supreme Court has established a two-step framework, known as the *Alice* test, in which a court determines: (1) whether the claim is "directed to one of those patent-ineligible concepts," *i.e.*, a

law of nature, natural phenomenon, or abstract idea, and, if so, (2) whether the elements of the claim, considered "both individually and 'as an ordered combination' ... 'transform the nature of the claim' into a patent-eligible application." *Id.* at 217 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 78-79 (2012)). The Supreme Court has described step two of this analysis as a search for an "inventive concept." *Id.* at 217-18 (citations omitted).

Each of the three claims of the Preview Patents presently asserted against Defendants in the Complaint is addressed herein. However, even if Plaintiff asserted additional claims of the Preview Patents, those additional claims of the Preview Patents are substantially similar and linked to the same abstract idea as the three asserted claims discussed herein and fail to claim eligible subject matter for the same reasons. *See Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n,* 776 F.3d 1343, 1348 (Fed. Cir. 2014) (approving use of representative claims in § 101 analysis where "the claims of the asserted patents are substantially similar in that they recite little more than the same abstract idea"); *Automated Tracking Sols., LLC v. The Coca-Cola Co.*, 723 Fed. Appx. 989, 991 (Fed. Cir. 2018) ("In a § 101 analysis, courts may evaluate representative claims.").

Additionally, claim construction is not required in order to determine eligibility under § 101. *See Cleveland Clinic Found. v. True Health Diagnostics LLC*, 859 F.3d 1352, 1360 (Fed. Cir. 2017) ("[W]e have repeatedly affirmed § 101 rejections at the motion to dismiss stage, before claim construction or significant discovery has commenced."); *Content Extraction & Transmission LLC*, 776 F.3d at 1349 ("Although the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter, claim construction is not an inviolable prerequisite to a validity determination under § 101."). Here, there are no claim construction issues that would affect the patent eligibility analysis.

## IV.   ARGUMENT

Counts III-V of the complaint assert infringement of one claim from each of the three Preview Patents.  All three counts should be dismissed with prejudice, because the sole asserted claims from each Preview Patent (claim 1 of each) are not patent-eligible under 35 U.S.C. § 101 as a matter of law.  As set forth above in Section II, all three Preview Patents share a common specification, and are directed to essentially the same invention—providing preview summaries of video or audio programming over a network—utilizing an industry standard and the well-known functions of existing technology.

Additionally, all counts of the complaint should be dismissed with respect to ViacomCBS since the complaint fails to allege that any product or service offered by ViacomCBS infringes the asserted patents.

### A.   The Asserted Claims of the Preview Patents Are Directed to the Abstract Idea of Providing Preview Summaries Over A Network

At step one of the *Alice* test, the court analyzes the claims to "determine whether the claims at issue are directed to one of those patent-ineligible concepts." *Alice*, 573 U.S. 208 at 217 (citation omitted).  The Federal Circuit has "described the first-stage inquiry as looking at the focus of the claims, their character as a whole." *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (citations and internal quotation marks omitted).

Where, as here, the claims at issue involve computers, the Federal Circuit has instructed that courts "must articulate with specificity what the claims are directed to and 'ask whether the claims are directed to an improvement to computer functionality versus being directed to an abstract idea.'" *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1258 (Fed. Cir. 2017) (internal citations omitted). "In cases involving software innovations, this inquiry often turns on whether the claims focus on specific asserted improvements in computer capabilities or instead

on a process or system that qualifies an abstract idea for which computers are invoked merely as a tool." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306–07 (Fed. Cir. 2020) (citing *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020)). "[T]o be directed to a patent-eligible improvement to computer functionality, the claims must be directed to an improvement to the functionality of the computer or network platform itself." *Customedia Techs.*, LLC, 951 F.3d at 1365 (citations omitted).

"The Supreme Court and [the Federal Circuit] have held that a wide variety of well-known and other activities constitute abstract ideas." *Intellectual Ventures I LLC v. Erie Indem. Co.*, 711 Fed. App'x 1012, 1015 (Fed. Cir. 2017) (citation omitted).  Numerous cases have held that claims purporting to cover the manipulation of data on computers (including providing previews) are directed to abstract ideas. *See, e.g., Am. Needle, Inc. v. Zazzle Inc.*, No. 15-CV-3971, 2016 WL 232440, at *3 (N.D. Ill. Jan. 19, 2016), *aff'd*, 670 F. App'x 717 (Fed. Cir. 2016) (finding that claims related to "promoting sales by providing a visual aide to purchasing over the internet" were directed to the abstract idea of "presenting previews of merchandise to potential customers"); *TS Pats. LLC v. Yahoo! Inc.*, 279 F. Supp. 3d 968, 994 (N.D. Cal. 2017), *aff'd*, 731 F. App'x 978 (Fed. Cir. 2018) (finding that claims related to providing metadata or sharing information about a file or folder were directed to the abstract idea of "preview-based file or folder sharing").  More specifically, the idea of providing previews is has been repeatedly found to be an abstract idea in the *Alice* analysis. *See Am. Needle*, 2016 WL 232440, at *3; *TS Pats.*, 279 F. Supp. 3d at 994.

Here, the focus of the three asserted claims is the same core abstract idea:  providing preview summaries of video or audio programming over a network.  The idea of making a preview summary of video content available to users is, of course, a well-known practice entirely

separate from computer technology, whether in movie theaters or on television channels. Consistent with the numerous cases finding abstract ideas involving manipulation of data on computers, providing preview summaries of programming over a network falls squarely into the category of ideas repeatedly found patent ineligible under the *Alice* test.

The asserted claims of the '399 and '049 patents merely recite generic steps for providing preview summaries of programming using information (*e.g.*, metadata) to either (i) note the beginning and ends of a summary or program segment (the '399 patent); or (ii) link program segments and corresponding summary segments (the '049 patent).  The specification itself establishes that both the metadata and the claimed functionality are well known and based on existing technology. *See, supra*, Section II.  For example, the Preview Patents utilize a widely used MPEG-2 industry standard and metadata files expressed in the well-known XML format to realize the claim limitations. '399 patent at 2:23-27 ("The process of transmitting and generating summaries is based in part upon properties specified in the MPEG-2 (Moving Picture Experts Group) standards," which "is a standard concerning signal encoding and real time transmission of video and audio program streams."); *id.* at 4:65-5:1 ("metadata may be expressed in XML (eXtensible Markup Language) or a suitable equivalent," and "XML is well known and need not be discussed in detail."). Completely absent from the specification is any suggestion that the claimed invention presented any technical improvement to the known methods for providing such summaries to users or any improvement to the functioning of the computer itself.

Likewise, "[s]tripped of excess verbiage," the asserted claim of the '328 patent recites little more than navigating between summary segments and a program segments by links and automatically displaying additional programs based on the user's profile after the user finishes a first program segment. *Intellectual Ventures I LLC v. Cap. One Fin. Corp.*, 850 F.3d 1332, 1339

(Fed. Cir. 2017).  The asserted claim of the '328 patent is directed to the same core concept as the asserted claims of the '399 and '049 patent (providing preview summaries) with additional steps that are not "directed to an improvement to the functionality of the computer or network platform itself." *Customedia Techs.*, LLC, 951 F.3d at 1365 (citations omitted).  Even if automatically displaying additional program segments based on the user's profile may improve the user's experience, improving the user experience does not convert an otherwise abstract idea into a non-abstract idea. *See Simio, LLC v. FlexSim Software Prod., Inc.*, 983 F.3d 1353, 1361 (Fed. Cir. 2020) ("But this argument does not explain how the *computer*'s functionality is improved beyond the inherent improvement of the experience of a user.... In this case, 'improving a user's experience while using a computer application is not, without more, sufficient to render the claims directed to an improvement in computer functionality.'") (quoting *Customedia Techs., LLC.*, 951 F.3d at 1365) (emphasis in original).

    None of the asserted claims uses any new hardware, software, or other computer technology for performing the claimed functions. *See, supra*, Section II.  Instead, the asserted claims merely recite generic steps for carrying out the abstract processes, and the instructions amount to nothing more than generically implementing the abstract processes in a digital environment. "Steps that do nothing more than spell out what it means to 'apply it on a computer' cannot confer patent-eligibility." *Intellectual Ventures I LLC v. Cap. One Bank (USA)*, 792 F.3d 1363, 1370 (Fed. Cir. 2015) (quoting *Alice*, 134 S.Ct. at 2359); *see also Customedia Techs., LLC*, 951 F.3d at 1364 ("We have held that it is not enough, however, to merely improve a fundamental practice or abstract process by invoking a computer merely as a tool.").

**B.  The Asserted Claims of the Preview Patents Do Not Contain an Inventive Concept**

    The asserted claims of the Preview Patents fare no better at step two of the *Alice* test. The asserted claims are a classic example of claiming only the high-level steps that describe the

abstract idea and to implement it by using a computer as a tool.  The remaining elements in the asserted claims—adding information indicating the beginning and ends of a segment, linking a program segments with corresponding summary segment, navigating between summary and program segments via links, and automatically displaying an additional relevant program segment—do not add anything "significantly more" to the abstract idea of providing preview summaries of programming over a network or solve any technical problem. *Alice*, 134 S. Ct. at 2355.

The complaint alleges that the asserted claims of the Preview Patents "are directed to technical solutions to the technical problem of streaming video summaries and related programs to client devices." Dkt. 1, ¶¶ 27, 34, and 41.  This boilerplate allegation cannot overcome the fact that the claim language itself describes a desired result accomplished through purely functional language.  Such claims that fail to explain <u>how</u> the claimed result is to be implemented are insufficient to confer eligibility.  The Federal Circuit recently held that "claims provid[ing] no useful guidance as to how this purported function is achieved ... cannot be directed to a technological solution." *cxLoyalty, Inc. v. Maritz Holdings Inc.*, 986 F.3d 1367, 1378 (Fed. Cir. 2021) (citing *Univ. of Fla. Res. Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1368-69 (Fed. Cir. 2019)).  Indeed, on several occasions the Federal Circuit has addressed claims using functional or result-oriented terms, noting that claims must recite *how* they achieve the claimed result. *Interval Licensing LLC.*, 896 F.3d at 1346-47 (holding claims unpatentable where they "do not recite any arguably inventive method of ***how*** the secondary information is displayed, such as what portion of the screen is utilized or ***how*** the primary activity on the screen is monitored") (emphasis added); *Affinity Labs of Tex., LLC v.Amazon.com Inc.*, 838 F.3d 1266, 1271 (Fed. Cir. 2016) (finding no inventive concept where "[t]he features set forth in the claims are described

and claimed generically rather than with the specificity necessary to show *how* those components provide a ***concrete solution*** to the problem addressed by the patent") (emphasis added); *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1316 (Fed. Cir. 2016) ("[W]hen a claim directed to an abstract idea 'contains no restriction on *how* that result is accomplished ... [and] [t]he mechanism ... is not described, although this is stated to be the essential innovation[,]' ... then the claim is not patent-eligible.") (internal citation omitted) (emphasis added); *Ameranth, Inc. v. Domino's Pizza, LLC*, 792 F. App'x 780, 787 (Fed. Cir. 2019) (holding claim unpatentable where "the claim limitations describe a desired result but do not instruct *how* to accomplish that result") (emphasis added).  Accordingly, the functional, result-oriented nature of the asserted claims confirm the lack of an inventive concept.

Moreover, none of the asserted claims in the Preview Patents claims any new hardware, software, or other computer technology for performing the claimed functions.  The complaint provides a conclusory assertion that "[t]he elements recited in the asserted claims of the ['399/'049/'328] patent were not well-understood, routine, or conventional when the application that became the ['399/'049/'328] patent was filed. Dkt. 1, ¶¶ 26, 33, and 40.  However, such conclusory statements are insufficient to defeat a motion to dismiss pursuant to § 101.  *See, e.g.*, *Berkheimer v. HP Inc.*, 890 F.3d 1369, 1372 (Fed. Cir. 2018) (Moore, J., concurring in denial of rehearing *en banc*) ("A motion to dismiss for failure to state a claim must be denied if 'in the light most favorable to the plaintiff and with every doubt resolved in the pleader's favor—*but disregarding mere conclusory statements*—the complaint states any legally cognizable claim for relief.'") (citation omitted) (emphasis added); *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) ("In ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as

the claims and the patent specification.") (citation omitted).

Here, the complaint does not identify any elements recited in the asserted claims of the Preview Patents that were not well understood, routine, or conventional. Nor does the complaint explain in any detail how the alleged inventions achieve any improvement in the computer technology. Rather, the complaint recites the same generic functions to be performed by any general purpose computer as the claims, *i.e.*, manipulating video data, generating files and delivering video data files to end users. *Customedia Techs., LLC*, 951 F.3d at 1365 ("But to be directed to a patent-eligible improvement to computer functionality, the claims must be directed to an improvement to the functionality of the computer or network platform itself."). *Cf. Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1127 (Fed. Cir. 2018) ("The complaint alleges that the claimed software uses less memory, results in faster processing speed, and reduces the risk of thrashing which makes the computer process forms more efficiently. These allegations suggest that the claimed invention is directed to an improvement in the computer technology itself and not directed to generic components performing conventional activities.") (internal citation omitted).

Contrary to the complaint's assertions, the specification of the Preview Patents <u>admits</u> that all of the components and functions recited in the claims were well known in the industry. *See, e.g.*, *supra*, Section II; '399 patent at 2:57-63 ("The MPEG-2 standards enable user data, in the form of metadata, to be included in a video sequence ....."), 4:65-5:1 ("[M]etadata may be expressed in XML (eXtensible Markup Language) or a suitable equivalent. XML is well known and need not be discussed in detail."), 5:47-49 ("Software can use these [metadata] keywords to identify segments that are most likely to be of interest to a particular viewer."), 7:51-54 ("The VSS 1203 has capabilities and processes similar to that of the STB and can autonomously decide

18

which summaries to receive and store based on a user profile and past usage history stored in the VSS."). Understood in light of the specification, the claims require nothing more than "off-the-shelf, conventional computer ... and display technology for gathering, sending, and presenting the desired information." *Elec. Power Grp.*, 830 F.3d at 1355. Accordingly, the asserted claims of the Preview Patents do not incorporate anything beyond conventional computing hardware and software, which is insufficient to transform the subject matter into an eligible application of the abstract.

## C. The Complaint Fails to Allege Any Claim Against ViacomCBS

The complaint should be dismissed in its entirety against ViacomCBS for failure to state a claim because Plaintiff has not plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish between the alleged infringing conduct of each defendant. *Automated Transaction LLC*, 2013 WL 992423, at *4. The complaint here contains the conclusory jurisdictional allegation that, "[u]pon information and belief, ViacomCBS sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States." Dkt. 1 at ¶ 2. However, the complaint does not identify any specific alleged infringing acts of ViacomCBS. Counts I-II of the complaint assert that Showtime's AVC video encoding infringes the '532 patent and the '818 patent, while counts III-V of the complaint assert that Showtime's video streaming platform infringes infringed at least claim 1 of each of the Preview Patents. The complaint does not allege that any product or service made, used, offered for sale, or sold by

ViacomCBS infringes any of the asserted patents.  Rather, ViacomCBS appears to be included in this action merely by virtue of its relationship as the parent company of Showtime.  However, the complaint does not allege any facts sufficient to show that ViacomCBS is liable for the acts of a subsidiary company.  *See, e.g., Wm. Passalacqua Builders, Inc. v. Resnick Developers S., Inc.*, 933 F.2d 131, 138 (2d Cir.1991) ("New York law allows the corporate veil to be pierced *either* when there is fraud or when the corporation has been used as an alter ego." (emphasis in original) (citations omitted).

District courts have dismissed similar complaints in patent cases where group allegations of patent infringement fail to allege specific acts of infringement with respect to a subset of defendants. *See, e.g., Automated Transaction LLC*, 2013 WL 992423, at *4-5 (dismissing complaint for patent infringement because complaint failed to differentiate between the conduct of the parent and subsidiary corporations and did not indicate that it sought to pierce the corporate veil); *Promos Techs., Inc. v. Samsung Elecs. Co.*, No. CV 18-307-RGA, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018) (rejecting group allegations of patent infringement where the complaint contained a jurisdictional allegation that each entity "placed one or more of its infringing products into the stream of commerce" and "ships infringing products into and within this District through an established distribution channel" but did not identify specific infringing acts of individual defendants); *T-Jat Sys. 2006 Ltd. v. Expedia, Inc. (DE)*, No. CV 16-581-RGA-MPT, 2017 WL 896988, at *6 (D. Del. Mar. 7, 2017) (rejecting group allegations of patent infringement where the complaint "fail[ed] to explicitly allege that [one defendant] sells or owns the infringing technology" and "the allegations as to [two of the defendants did] not clarify that each defendant committed at least one infringing act"); *Mod. Font Applications, LLC v. Peak Rest. Partners, LLC*, No. 2:19-CV-221 TS, 2019 WL 3781051, at *3 (D. Utah Aug. 12, 2019)

(dismissing claims against accused infringer where complaint did not allege any facts of infringing activity specific to that accused infringer); *Masimo Corp. v. Sotera Wireless, Inc.*, Case No. 19-cv-01100-BAS-NLS, Dkt. 103 at 12-14 (S.D. Cal. Dec. 10, 2020) (dismissing claim of patent infringement with respect to parent company where complaint failed to plausibly show that acts of subsidiary were attributable to the parent company and did not contain any additional factual allegations sufficient to reasonably infer that the parent company's conduct constituted infringement).

Because the complaint does not include any specific allegations of infringing acts by ViacomCBS, the complaint should be dismissed in its entirety with respect to ViacomCBS.

## V.   <u>CONCLUSION</u>

For the reasons set forth above, Defendants respectfully request that the Court grant their motion to dismiss counts III, IV, and V of the complaint because the asserted claims of the '399 patent, the '049 patent, and the '328 patent are invalid under 35 U.S.C. § 101 for lack of patentable subject matter and to dismiss all counts of the complaint against ViacomCBS because Plaintiff has not plausibly alleged an act of infringement by ViacomCBS.

Dated: May 24, 2021

Respectfully Submitted,

By: _____
Steven M. Lieberman

Steven M. Lieberman
slieberman@rfem.com
Sharon L. Davis
sdavis@rfem.com
Jennifer B. Maisel
jmaisel@rfem.com
D. Lawson Allen
lallen@rfem.com
Rothwell, Figg, Ernst & Manbeck P.C.
607 14th Street N.W., Suite 800

Washington, DC 20005
Telephone:   (202) 783-6040
Facsimile:   (202) 783-6031

*Attorneys for Defendants ViacomCBS Inc.*
*and Showtime Networks Inc.*

## **CERTIFICATE OF COMPLIANCE**

This memorandum contains 6,509 words and complies with the formatting rules provided

in the Individual Practices of Judge John G. Koeltl.

By: _____
Steven M. Lieberman

Steven M. Lieberman
slieberman@rfem.com
Sharon L. Davis
sdavis@rfem.com
Jennifer B. Maisel
jmaisel@rfem.com
D. Lawson Allen
lallen@rfem.com
Rothwell, Figg, Ernst & Manbeck P.C.
607 14th Street N.W., Suite 800
Washington, DC 20005
Telephone:    (202) 783-6040
Facsimile:    (202) 783-6031

*Attorneys for Defendants ViacomCBS Inc.*
*and Showtime Networks Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2021, I filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Daniel Kent
Stephen R. Risley
Cortney S. Alexander
**KENT & RISLEY LLC**
5755 N Point Pkwy Ste 57
Alpharetta, GA 30022
404-585-4214
Fax: 404-829-2412
dankent@kentrisley.com
steverisley@kentrisley.com
cortneyalexander@kentrisley.com

Nasri V. B. Hage
Rothwell Figg Ernst & Manbeck, P.C.